IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **VICTOR DUBOSE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09-153-JPG |
| v. | ) | |
| | ) | |
| **DAVID SULLIVAN and MCCOLLISTER'S** | ) | |
| **TRANSPORTATION SYSTEMS, INC.** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is Defendants' Motion to Compel Completion of Plaintiff's Deposition. **(Doc. 5)**. Plaintiff filed a Response which included an alternative request for a protective order. **(Doc. 6)**. Defendants filed a reply at **Doc. 9** and a supplemental reply at **Doc. 12.** The supplemental reply is based on plaintiff's amended interrogatory answers, which were received by defendants' attorney after the reply was filed.

This lawsuit arises out of a motor vehicle accident. On February 27, 2009, plaintiff appeared at his attorney's office for a deposition. During the course of the deposition, counsel for defendants sought to question plaintiff about his criminal convictions, which had been previously disclosed in answer to an interrogatory. Plaintiff's counsel objected to this line of questioning and instructed plaintiff not to answer. Plaintiff's counsel then terminated the deposition. **See, Doc. 5, Ex. B**. After the motion to compel was filed, plaintiff disclosed another eight convictions in a supplemental answer to interrogatory, making a total of 23 disclosed criminal convictions. **See, Doc. 12**.

1

Defendants ask this Court to order plaintiff to continue his deposition from the point at which it was cancelled, and to respond to questions regarding his prior criminal convictions. They argue that information relating to plaintiff's prior criminal convictions is discoverable, even if the Court ultimately determines the convictions are not admissible. They also argue that the convictions older than ten years may be admissible because the probative value of plaintiff's convictions for burglary, theft and uttering a forged instrument may substantially outweigh any prejudicial effect of their admission for the purpose of attacking plaintiff's character of truthfulness.

Plaintiff responds by asking the Court, upon rescheduling of plaintiff's deposition, to order that counsel for the defendants be strictly forbidden from questioning plaintiff about his criminal convictions older than ten years, and any juvenile convictions. Plaintiff argues that such information is neither discoverable nor admissible at trial and such information is more prejudicial than probative in value.

Both parties cite to Rule 609 of the Federal Rules of Evidence. This Rule provides that evidence that a witness has been convicted of a crime can be used for the purpose of impeaching the witness in certain circumstances. The Rule does not, as argued by plaintiff, exclude without exception evidence of a conviction that is more than ten years old. Further, while the Rule requires advance written notice of intent to use certain convictions in evidence, it does not, as plaintiff suggests, require such notice before asking questions in a deposition.

At the discovery stage, it is clear that any nonprivileged information relevant to a party's claims or defense may be obtained. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

**Fed. R. Civ. P. 26(b)(1).** Defendants are entitled to question plaintiff about his adult convictions to determine whether they are admissible. However, this does apply to plaintiff's juvenile convictions, as juvenile adjudications are not admissible. **Fed.R. Evid. 609(d)**.

In addition, plaintiff's counsel acted in contravention of the Federal Rules of Civil Procedure in instructing his client to refuse to answer the questions and in terminating the deposition. **Fed.R.Civ.P. 30(c)(2)** requires that "an objection at the time of the examination ... must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Further, "an objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege..." **Fed. R. Civ. P. 30(c)(2).**

For good cause shown, Defendants' Motion to Compel Completion of Plaintiff's Deposition **(Doc. 5)** is **GRANTED**. Plaintiff's deposition shall resume at a mutually agreeable date, and plaintiff shall answer questions regarding his criminal convictions, with the exception of juvenile convictions.

**IT IS SO ORDERED.**

**DATED: August 20, 2009.**

                                                  **s/ Clifford J. Proud**
                                                  **CLIFFORD J. PROUD**
                                                  **U. S. MAGISTRATE JUDGE**